ST. LOUIS SOUTHWESTERN RAILWAY COMPANY OF TEXAS V. MRS. S. V. HUNT.

Decided March 2, 1907.

1.—Death—Contributory Negligence.

In a suit by a mother for the death of her son caused by being run over by defendant's engine and cars while making a flying switch, evidence considered, and held to show contributory negligence on the part of deceased.

2.—Care to Avoid Injury—Question of Fact.

Evidence considered, and held to require the submission to the jury of the issue whether or not defendant's employes used the means at hand to prevent the accident after discovering the peril of the deceased.

Appeal from the District Court of Henderson County. Tried below before Hon. B. H. Gardner.

*E. B. Perkins* and *Frost & Neblett,* for appellant.—The court erred in refusing special charge No. 1, requested by the defendant, which is as follows: "1. Gentlemen of the jury: You are instructed that under the pleading of the plaintiff, and the evidence introduced in this case, no liability has been shown against the railroad company, and you are therefore instructed to return a verdict in favor of the defendant. Texas Ry. Co. v. Barfield, 3 S. W. Rep., 665; Ft. Worth & D. C. Ry. Co. v. Shetter, 94 Texas, 196; Galveston, H. & S. A. Ry. Co. v. Kieff, 94 Texas, 336; Texas & P. Ry. Co. v. Breadow, 90 Texas, 26; Texas & P. Ry. Co. v. Staggs, 90 Texas, 458.

*Miller & Royall,* for appellee.—The evidence does not show that the deceased was a trespasser, but on the contrary shows that he was a licensee at the time of the killing. The evidence does not show that the defendant did all in its power, after deceased was discovered, to prevent the injuries that resulted in death.

. The railroad company is liable for injuries to one crossing or traveling on a railroad track occasioned by sending cars in swift motion where persons commonly pass without objection from the company. St. Louis & T. Ry. Co. v. Crosnoe, 72 Texas, 85; Gulf, C. & S. F. Ry. Co. v. Matthews, 88 S. W. Rep., 192; Washington v. Missouri, K. & T. Co., 90 Texas, 314; Lee v. I. & G. N. Ry. Co., 89 Texas, 583; Texas & P. Ry. Co. v. Watkins, 88 Texas, 20.

RAINEY, Chief Justice.—Mrs. S. V. Hunt, the appellee, sues the railway company for the negligent killing of her son, Richard Hunt, by the running of cars over him. The railway company pleads the general denial, contributory negligence, etc. A trial resulted in a judgment for appellee, from which this appeal is prosecuted.

Richard Hunt was killed by being run over by a train of cars consisting of a caboose and two box cars at Athens, Texas, while making a drop or flying switch. A freight train going west had stopped and, having some switching to do, the engine was cut loose from the train and ran further west past the switch and coupled onto a caboose and two box cars. It then backed east with said cars attached. Before reaching the switch Richard Hunt mounted the engine, remaining on the step thereof. Before reaching the switch the cars were detached from the engine. The engine ran in on the side track, the switch was thrown and the cars continued on the main track traveling pretty fast. The engine went on down the main track to a point where the distance between the inner rails of the main and side tracks are nine feet apart, where it stopped. Hunt being still on the step of said engine, when he stepped off backwards and continued backwards till he reached the main track, where he was struck by the said caboose and box cars that were traveling east on the main track and run over and killed. There was a brakeman on the caboose who saw Hunt when he stepped on the main track. He applied the brakes, but not in time to stop the cars before Hunt was run over. Where Hunt was killed was habitually used by pedestrians, and this was known to the railway company. Hunt was not an employe of appellant, but was an experienced railroad man, and when he stepped off the engine it seems he did not look and listen, but stepped backward onto the main line just in front of the caboose and other cars as they were passing.

This evidence, to our minds, shows that Hunt was guilty of contributory negligence, and the only theory upon which there could possibly be a recovery is that he was seen by the brakeman who failed to use the means at hand to prevent the accident. To cover this phase of the case appellant's counsel requested the following charge, which the court refused, to wit: "Gentlemen of the Jury: You are instructed that if you believe from the evidence in this case that just prior to the accident, which resulted in the death of Richard Hunt, that the said Richard Hunt was riding on the engine of defendant by standing on the steps and holding to the handholds on said engine, and that the engineer and fireman on said engine knew of his presence there, and that when the said Richard Hunt dismounted from said engine he stepped backward on the main line of defendant, immediately in front of a moving caboose with one or more box cars attached thereto, and that the brakeman on

said caboose in the exercise of ordinary care discovered said deceased upon said main line of defendant in a place of peril, but that the distance from the place of the caboose at the time said brakeman so discovered said Hunt was so short that it was impossible to prevent injuring him, by the use of ordinary care in the use of the means at hand to avoid injuring the said Hunt, if you believe he did exercise such care, then your verdict will be for the defendant. Requested after the main charge."

For the failure to give this charge the judgment is reversed and the cause remanded.

*Reversed and remanded.*